UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES BENTON BAGWELL, | Case No. 1:16-cv-00264-BLW |
| Petitioner, | 1:05-cr-00174-BLW |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER |
| Respondent. | |

## INTRODUCTION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 2, Crim. Dkt. 23). For the reasons

described below, the Court will deny the motion.

## BACKGROUND

Petitioner Charles Benton Bagwell pleaded guilty on August 29, 2005 to six

counts in two cases. *See Plea Agreement*, Crim. Dkt. 4; *Minute Entry for Arraignment*,

Crim. Dkt. 9. In this case, which was transferred from the Central District of California,

Petitioner pleaded guilty to two counts of armed bank robbery in violation of 18 U.S.C.

§§ 2113(a) and (d); brandishing a firearm during and in relation to a crime of violence, in

violation of Title 18 U.S.C. § 924(c); and discharging a firearm in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c). *See id*. In Case No. 1:05-cr-00132-BLW,

Petitioner pleaded guilty to bank robbery conspiracy, in violation of 18 U.S.C. § 371 and

§§ 2113(a) and (d), and armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d).

*See id.* Petitioner was convicted on all six counts, and sentenced on January 27, 2006 to a

term of imprisonment of forty years, with the sentence for both cases to run concurrently.

*Judgment*, Crim. Dkt. 18. Petitioner argues that in light of *Johnson v. United States*, 135

S.Ct. 2251 (2015) ("*Johnson II*"), his convictions under 18 U.S.C. § 924(c) are illegal and

unconstitutional. *Petitioner's Br.* at 4, Civ. Dkt 2, Crim. Dkt. 23.

## ANALYSIS

Under 18 U.S.C. § 924(c), a defendant is subject to "a mandatory consecutive term

of imprisonment for using or carrying a firearm during and in relation to a crime of

violence." *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018). A "crime of

violence" is defined as a felony that:

> (A)     has as an element the use, attempted use, or threatened use of physical force
>
> against the person or property of another, or
>
> (B)     that by its nature, involves a substantial risk that physical force against the
>
> person or property of another may be used in the course of committing the
>
> offense.

18 U.S.C. § 924(c)(3). Section (A) is satisfied if the predicate crime of conviction has as

an element the use of "'violent' physical force - 'that is force capable of causing physical

pain or injury.'" *Watson*, 881 F.3d at 784 ((quoting *Johnson v. United States*, 559 U.S.

133, 140 (2010) ("*Johnson I*") and finding the standard applied therein to 18 U.S.C. §

924(e)(2)(B)(i) "applies equally to the similarly worded force clause of § 923(c)(3)(A).").

In *Watson*, the Ninth Circuit held that the force required to prove armed bank robbery in violation of 18 U.S.C. § 2113 meets the *Johnson I* standard for "violent force" and thus qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *Id*. Thus, Petitioner's conviction in this case on two counts of armed bank robbery constitute predicate "crimes of violence" under the "force clause" of § 924(c)(3)(A). *See Watson*, 881 F.3d at 784, 786. Although Petitioner argues that the residual clause in § 924(c)(3)(B) is unconstitutional under the reasoning of *Johnson II*, he concedes that § 924(c)(3)(A) remains good law. Because Petitioner's argument that his predicate convictions for armed bank robbery do not qualify as "crimes of violence" under § 924(c)(3)(A) is foreclosed by *Watson*, Petitioner's motion fails on the merits, and the Court does not need to reach the issues raised by *Johnson II*. Accordingly,

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Motion to Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Civ. Dkt. 2, Crim. Dkt. 23) is **DENIED**. The Court shall issue a separate judgment as required by Rule 58(a).

2.      This case is **DISMISSED**.

DATED: May 23, 2018

B. Lynn Winmill
Chief U.S. District Court Judge